# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT TROY MACHLAN,

    *Petitioner*,

vs.

ISIDRO BACA, *et al.,*

    *Respondents*.

3:14-cv-00015-LRH-VPC

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application (#1) to proceed *in forma pauperis* and for initial review under Rule 4 of the Rules Governing Section 2254 Cases. The Court finds that petitioner is unable to pay the filing fee and therefore turns to initial review.

    Petitioner alleges in the petition that he was convicted, pursuant to a guilty plea, in Nye County, Nevada of five counts of burglary, forty counts of forgery, and one count of establishing or possessing a forgery lab. According to the petition, the judgment of conviction was filed on May 11, 2009, and petitioner's counsel did not pursue a direct appeal. Petitioner maintains that he filed a state post-conviction petition on April 9, 2010, in the Nevada Fifth Judicial District Court and that the petition remains pending in that court at the time of the filing of the federal petition.

    Petitioner acknowledges that he has not presented any of his federal claims to the Supreme Court of Nevada. He contends, however, that delay in the state district court in adjudicating his pending state post-conviction petition allegedly renders state corrective process unavailable to him and thus excuses the lack of exhaustion under 28 U.S.C. § 2254(b)(1)(B)(i).

The Court finds that the most efficient manner to proceed would be to first address the exhaustion issue on a motion to dismiss filed by respondents directed to that issue alone and accompanied by adequate state court record exhibits.

The filing of a motion to dismiss based on exhaustion in response to this order shall not constitute a waiver of any other defenses by respondents, as the Court is directing that the response be confined to that issue. Respondents, if they wish, may note the presence of other potential defenses in passing, without prejudice to pursuit of such defenses in later proceedings. However, the Court is directing that respondents address both lack of exhaustion *and* petitioner's responding argument that there is an absence of available state corrective process for purposes of § 2254(b)(1)(B)(i). The Court in particular is not inclined to dismiss the petition in full or in part either as premature due to the pendency of state post-conviction proceedings[1] and/or for any alleged pleading insufficiency prior to instead addressing the exhaustion issues identified in this order.

IT THEREFORE IS ORDERED that petitioner's application (#1) to proceed *in forma pauperis* is GRANTED, such that petitioner shall not be required to pay the filing fee.

IT FURTHER IS ORDERED that the Clerk of Court shall file the petition and shall make informal electronic service of this order and the petition upon the Nevada Attorney General as per the Clerk's current practice for such matters, which may include regenerated notice of electronic filing.

IT FURTHER IS ORDERED that, within **sixty (60) days** of entry of this order, respondents shall file a motion to dismiss restricted to exhaustion issues only, including a response to petitioner's argument under § 2254(b)(1)(B)(i). All other issues in the action, including other procedural defenses, are deferred at this time. The omission of other defenses in the initial motion to dismiss filed in response to this order shall not provide a basis for waiver of defenses, as the Court expressly is limiting the response to only issues of exhaustion.

---

[1] The Ninth Circuit has held that the pendency of state post-conviction proceedings – as opposed to pendency of the original state criminal proceedings including a direct appeal – does not render a federal habeas petition premature. *See Henderson v. Johnson*, 710 F.3d 872 (9th Cir. 2013). The Court expresses no opinion at this juncture as to whether these or later federal proceedings would be rendered premature if an out-of-time direct appeal were to be allowed in the pending state post-conviction proceedings pursuant to Rule 4(c) of the Nevada Rules of Appellate Procedure. *See generally Abdullah v. State*, 294 P.3d 419 (Nev. 2013)(discussing state procedure under Rule 4(c)).

IT FURTHER IS ORDERED that, together with the motion to dismiss, respondents shall file and serve state court record exhibits consisting of all state court record materials relating to the exhaustion defense and petitioner's reliance upon § 2254(b)(1)(B)(i). The state court record exhibits shall include, but not necessarily be limited to, copies of the following, in substantially chronological order and accompanied by a separate index of exhibits:

    (a)    the state district court minutes, covering both the original criminal and state post-conviction proceedings;

    (b)    the written plea agreement;

    (c)    the judgment of conviction and any amendments thereto;

    (d)    the state post-conviction petition and any supplements or amendments thereto;

    (e)    all state district court orders regarding the response to, handling, and/or adjudication of the petition;

    (f)    any response(s) by the State;

    (g)    all state district court filings by petitioner seeking to expedite consideration of the petition in that court, if any; and

    (h)    all state supreme court filings by petitioner seeking to expedite action on the petition in the state district court, if any.

IT FURTHER IS ORDERED that the exhibits shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibit(s)s in the attachment. Cf. No. 3:06-cv-00129-LRH-VPC, ## 20-27. The purpose of this provision is so that the Court and any reviewing court thereafter will be able to determine from the face of the electronic docket sheet which exhibits are filed in which attachments. **Given the anticipated relatively small volume of the exhibits, there is no need to send a hard copy courtesy copy of the exhibits for this filing.**

IT FURTHER IS ORDERED that petitioner shall have **thirty (30) days** from service of the motion to dismiss to mail a response to the motion to the Clerk of Court for filing, with respondents' reply thereafter being due as per the standard deadline in the local rules.

IT FURTHER IS ORDERED that, henceforth, petitioner shall serve upon respondents or, if an appearance has been entered by counsel, upon the individual deputy attorney general identified in the notice of appearance, at the address stated therein, a copy of every pleading, motion or other document submitted for consideration by the Court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to respondents or counsel for respondents. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk that fails to include an appropriate certificate of service.

IT FURTHER IS ORDERED that all requests for relief must be presented by a motion satisfying the requirements of Rule 7(b) of the Federal Rules of Civil Procedure. The Court and the Clerk do not respond to letters and do not take action based upon letters.

DATED this 21st day of January, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE