1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

9   ROBERT TROY MACHLAN,

10          *Petitioner*,                                   3:14-cv-00015-LRH-VPC

11   vs.

12   ISIDRO BACA, et al.,                                   ORDER

13          *Respondents*.

14

15          This is a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF #4).

16   Before the court is respondents' motion to dismiss (ECF #10).  Petitioner has opposed the motion (ECF

17   #14), respondents replied (ECF #18), and petitioner submitted a sur-reply (ECF #21-1).

18   **I. Procedural History and Background**

19          On February 3, 2009, the state of Nevada filed an amended information in Fifth Judicial District

20   Court, Nye County, charging petitioner with five counts of burglary, forty counts of forgery, and one

21   count of establishing or possessing a financial forgery laboratory (exhibits to motion to dismiss, ECF

22   #10, exh. 24).[1]  The amended information also provided that the State intended to pursue a habitual

23   criminal finding.  *Id*. at 33-35.  During the jury trial, under the advice of counsel, petitioner elected to

24   enter a guilty plea to all charges in the amended information.  Exh. 28.

25          On May 5, 2009, petitioner was sentenced to (1) five consecutive terms of forty-eight to one-

26   hundred-twenty months for each burglary count; (2) forty concurrent terms of twelve to forty-eight

27   _____

28          [1] Unless otherwise stated, all exhibits referenced in this order are exhibits to the motion to
dismiss, #10, and are found at #s11-12.

1   months for the forgery counts, consecutive to the burglary counts; and (3) a term of ninety-six to two-

2   hundred-forty months for the count of establishing or possessing a financial laboratory, consecutive to

3   the forgery counts. Exh. 31. Petitioner did not file a direct appeal.

4          On April 9, 2010, petitioner filed a postconviction petition for writ of habeas corpus in state

5   district court. Exh. 43. Petitioner asserts two claims: (1) his counsel was ineffective for failing to file

6   a direct appeal; and (2) his counsel was ineffective in his preparation for trial because he failed to confer

7   with the attorney who represented petitioner at the preliminary hearing. *Id*. at 7-8. On June 4, 2010,

8   the state district court granted petitioner's motion for appointment of counsel and appointed Carl

9   Joerger to represent petitioner. Exh. 48. The parties both maintain, and the record presented to this

10  court reflects, that nothing has occurred since that time in the state habeas proceedings (*see* ECF #s 10,

11  14).

12         Petitioner dispatched this federal petition for writ of habeas corpus on December 31, 2013 (ECF

13  #4). Petitioner raises the single claim that counsel rendered ineffective assistance by failing to timely

14  file a notice of appeal after petitioner informed counsel that he wished to appeal his conviction. *Id*. at

15  pp. 3-8. Petitioner concedes that his petition is unexhausted, but he alleges that "the state courts have

16  neglected to review said petition, rendering state court corrective process unavailable to petitioner."

17  *Id*. at 3. Respondents argue that the petition should be dismissed as unexhausted.

18  **II. Legal Standard for Exhaustion**

19         A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has

20  exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28

21  U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims

22  before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844

23  (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the

24  petitioner has given the highest available state court the opportunity to consider the claim through direct

25  appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004);

26  *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

27         A habeas petitioner must "present the state courts with the same claim he urges upon the federal

28  court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim,

not just issues of state law, must have been raised in the state court to achieve exhaustion.  *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).  To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights.  *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).  "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).  However, citation to state caselaw that applies federal constitutional principles will suffice.  *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based.  *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994).  The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory.  *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

**III.  Instant Petition**

Petitioner sets forth a single ground for relief in his federal petition: that his Fifth, Sixth, and Fourteenth Amendment rights to effective assistance of counsel, due process and equal protection were violated when his trial/guilty plea counsel failed to file a notice of direct appeal, despite the fact that petitioner expressly informed counsel that he wished to appeal (ECF # 4, p. 3).

Respondents argue that the federal petition should be dismissed as unexhausted.  The parties appear to agree that petitioner, whether through counsel or pro se–has not filed anything in the state

1    district court since the court appointed counsel on June 4, 2010.   Respondents assert that the delay in

2    the state habeas proceedings is attributable to petitioner and his appointed counsel (ECF #10, pp. 4-5).

3    They point out that petitioner has a pending state postconviction proceeding in which he has the

4    opportunity to establish that he is entitled to a delayed direct appeal, and therefore, they argue that

5    petitioner has an available state corrective process with respect to the only federal claim for relief in his

6    federal petition.  *Id*. at 5.

7         In his opposition to the motion to dismiss (as well as on the face of his federal petition),

8    petitioner acknowledges that his federal claim is unexhausted (ECF #s 4, 14).  However, he contends

9    that he should be excused from the exhaustion requirement because the delay–now approaching five

10   years–in resolving his state postconviction petition has violated his due process rights and rendered the

11   state corrective process unavailable (ECF #14, p. 29).  He claims that state remedies have been rendered

12   functionally unavailable to him because the state has failed to take any discernable action to address

13   his state petition.  *Id*. at 18.  He alleges that he was never served with the order granting his motion for

14   appointment of counsel in his state habeas case.  *Id*. at 20.  He states that while he did receive

15   correspondence from an attorney claiming to have been appointed by the state court, his attempts to

16   contact counsel at the telephone number and address provided in the initial letter have been entirely

17   unsuccessful.  *Id*.  He has never had any contact with appointed counsel.  *Id*.  Petitioner argues that he

18   has "addressed correspondence to the state court on a number of occasions for purpose[sic] of

19   determining the status of his case, however, said communications have gone unanswered by the court.

20   [He] is informed that it is the state district court procedure to forward [his] correspondence to his

21   counsel of record and not to correspond directly with a represented petitioner."  *Id*. at 20.

22        Petitioner states that "absent the ability to communicate with appointed counsel, there was quite

23   simply very little the petitioner could do to 'move the case forward.'"  *Id*.  Petitioner also notes that,

24   per state court rules, pro per pleadings filed by a represented party are considered fugitive documents.

25   *Id*. at 21.  He provides copies of two letters that he states he submitted to Judge John P. Davis in July

26   2010 and January 19, 2011.  *Id*. at Appendix 2.  He references two 2013 letters to the Nye County Clerk

27   of Courts that he states he attached as Appendix 3 to his opposition.  However, no documents follow

28   the  Appendix  3  cover  page.    Petitioner  also  states  that  he  submitted  several  other  written

-4-

1   communications to the court, but that he has no evidence of those because the Nevada Department of

2   Corrections lost a box of his documents.  *Id*. at 37.  He located a portion of the lost material and says

3   that his notes reflect that he attempted to contact appointed counsel by telephone from High Desert

4   State Prison June 25, 29, July 15, and (twice on) August 6, 2010.  *Id*. at 38.  He notes that respondents

5   would be able to obtain those telephone records.  *Id*.  at 39.

6          Respondents acknowledge that the Ninth Circuit has held that an excessive delay in state

7   proceedings may excuse a federal habeas petitioner from satisfying the exhaustion requirement; though

8   they note that delay alone is not enough to excuse exhaustion (#18, p. 3, citing *Coe v. Thurman*, 922

9   F.2d 528 (9th Cir. 1990).  Here, appointed counsel's apparent lack of action and the state-court delay

10  are certainly troubling, and petitioner appears to have made some attempts to inquire about the delay,

11  such as trying to contact appointed counsel and sending letters to the court.  However,  it also appears

12  at this point that petitioner shares some responsibility in the delay of his state proceedings.  Notably,

13  the record does not indicate that petitioner has ever *filed* anything in the state district court seeking

14  withdrawal of counsel and appointment of a new attorney.  Mindful that the exhaustion requirement

15  is a matter of comity designed to afford state courts the first opportunity to remedy a constitutional

16  violation, *Greene v. Lambert*, 288 F.3d 1081, 1088 (9th Cir. 2002), the court does not find a current

17  basis to excuse petitioner from exhaustion of state remedies.

18         The court, however, advises petitioner's appointed counsel in his state postconviction habeas

19  petition in the Fifth Judicial District Court, Nye County, Carl M. Joerger, as well as the Nye County

20  District Attorney and the Attorney General of the State of Nevada, that petitioner's state habeas matter

21  should proceed without further undue delay.

22  **IV.  Conclusion**

23         **IT IS THEREFORE ORDERED** that the respondents' motion to dismiss (ECF #10) is

24  **GRANTED**.  The petition (ECF #4) is **DISMISSED** without prejudice as unexhausted.

25         **IT IS FURTHER ORDERED** that petitioner's motion for leave to file response (ECF #21)

26  is **GRANTED** *nunc pro tunc*.  The Clerk shall detach and file the proposed response (ECF #21-1) as

27  a sur-reply to the motion to dismiss.

28  ///

1      **IT IS FURTHER ORDERED** that respondents' motion to extend time (ECF #22) is

2 **GRANTED** *nunc pro tunc*.

3      **IT IS FURTHER ORDERED** that, **ninety (90) days** from the date this order is entered,

4 petitioner **SHALL FILE** a status report in this federal case to apprise this court of the status of his state

5 habeas proceedings.

6      **IT IS FURTHER ORDERED** that the Clerk **shall mail** a copy of this order to Angela Bello,

7 Nye County District Attorney, P.O. Box 39, 1520 East Basin Road, Pahrump, NV 89060, and to Carl

8 M. Joerger, 1231 East Basin Road, Suite 9, Pahrump, NV 89060.

9      **IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT** accordingly and

10 close this case.

11

12      DATED this 3rd day of February, 2015.

13                         _____

14                         LARRY R. HICKS
                        UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28